JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02130-SSS-SPx | Date | October 29, 2025 |
| Title | Ruben Dominguez et al. v. U.S. Bank National Association et al. | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER (1) DISMISSING THE ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS; AND (2) DIRECTING THE CLERK OF COURT TO CLOSE THE CASE**

On September 25, 2025, the Court granted Defendant's motion to dismiss. [Dkt. No. 14]. In that Order, Plaintiff's claims were dismissed with leave to amend. [*Id.*] Plaintiff was ordered to file an amended complaint no later than 14 days from the Order. [*Id.*] The Court warned Plaintiff that failure to file would result in the dismissal of the action with prejudice. [*Id.*] As of the date of this Order, Plaintiff has failed to file an amended complaint.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); *Wolff v. California*, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff failed to comply with the Court's Order on September 25, 2025, and appears to have abandoned this action.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not explicitly weigh these factors.  *See Ghazali*, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action, as further delay would impede judicial efficiency.  *See Pagtalunan*, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Plaintiff failed to respond to the Court's order without explanation.  Further, an additional delay will prejudice Defendant.  *See Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic.  The Court has already warned Plaintiff about the consequences of failing to file an amended complaint, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).  "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262 (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132–33 (9th Cir. 1987)).  In sum, the Court concludes that four of the five factors weigh in favor of dismissing Plaintiff's action.  *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** this action for failure to comply with Court orders.  Lastly, the Court **DIRECTS** the Clerk of Court to close this case. (JS-6)

**IT IS SO ORDERED**.